UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOHN PRESTON JONES                               CIVIL ACTION

VERSUS                                           NO: 13-5078

PHIL GUILBEAU OFFSHORE, INC                      SECTION: R(5)

**ORDER AND REASONS**

Before the Court is defendant Phil Guilbeau Offshore, Inc.'s motion to continue the trial date set for December 1, 2014.[1] For the following reasons, the Court GRANTS defendant's motion to continue trial.

I.   **BACKGROUND**

This is a personal injury action arising under Section 33 of the Jones Act. 46 U.S.C. § 688. Plaintiff alleges that he suffered a permanent injury to his left foot while working on the defendant's vessel.[2]

Trial in this matter is currently set for December 1, 2014. Defendant argues that a continuance is necessary because there is no indication that plaintiff will reach maximum medical improvement (MMI) until after the current trial date.[3] Plaintiff opposes the

---

[1] R. Doc. 16.

[2] R. Doc. 1 at 2.

[3] R. Doc. 54-1 at 1-2.

motion to continue, arguing that plaintiff's primary doctor, Dr. Reiss Plauche, has represented that plaintiff will reach MMI shortly before the December 1, 2014 trial date.[4]

## II. DISCUSSION

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000)(internal citations omitted).

Here, defendant argues that because plaintiff will not reach MMI until after trial, defendant will not be able to engage experts to counter the testimony of plaintiff's treating physician, Dr. Plauche. In its Opposition, plaintiff contends that Dr. Plauche has represented that plaintiff will reach MMI within six months of the amputation surgery. Dr. Plauche amputated plaintiff's foot on May 23, 2014.[5] Thus, according to plaintiff's expert, plaintiff

---

[4] R. Doc. 58 at 2.

[5] *Id.* at 1.

will not reach MMI until approximately November 23, 2014.

Although the parties do not agree on when exactly plaintiff will reach MMI, plaintiff does concede that Dr. Plauche has estimated that plaintiff will not reach MMI until shortly before trial. Indeed, plaintiff's next follow up examination with Dr. Plauche isn't until November 5, 2014.[6] The Court finds that allowing the trial to continue on the scheduled date will prejudice the defendant's ability to proffer countervailing expert testimony and may require the jury to speculate as to plaintiff's future damages and/or medical expenses. *See Simmons v. Blake Workover & Drilling Co.*, CIV. A. No. 02-2060, 2003 WL 21500546, at *2 (E.D. La. June 25, 2003) ("As a result of Plaintiff's medical uncertainty, the Court . . . hereby GRANTS the Plaintiff's Motion to Continue.").

The Court finds that the plaintiff's medical uncertainty constitutes good cause to justify the continuance of trial. Accordingly, the Court orders the pretrial conference and trial continued. *See Wells v. Rushing*, 755 F.2d 376, 380 (5th Cir. 1985).

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to continue

---

[6] R. Doc. 54-1 at 1.

trial is GRANTED.

The Court orders the parties to participate in a telephone scheduling conference with the Court's case manager on September 11, 2014 at 11:00 a.m. for the purpose of scheduling new trial and pre-trial conference dates.

New Orleans, Louisiana, this 22nd day of August, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE